UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:07CR137 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| DEANDRE WILSON | ) | |
| | ) | |
| DEFENDANT. | ) | |

Pending before the Court is Defendant Deandre Wilson's ("Defendant") *pro se* motion for the return of certain property pursuant to Rule 41(g) of Federal Rules of Criminal Procedure filed on May 9, 2011. (Motion for Return of Property, Doc. No. 29.) On May 25, 2011, the Government filed a response to Defendant's motion for return of property. (Government's Response to Motion for Return of Property, Doc. No. 34.) For the following reasons, the Court shall require the Government to supplement its response on or before June 13, 2011 and will postpone ruling on Defendant's motion until then.

**Background**

Pursuant to two separate drug arrests, one on September 16, 2006 and the other on January 23, 2007, the Painesville Police Department seized $2,623.31 in U.S. currency from Defendant.

A grand jury indicted Defendant on March 7, 2007 on one count of knowingly and intentionally distributing a mixture of substance containing a detectable

amount of cocaine base ("crack") on or about September 16, 2006 in violation of Title 21 United States Code, Sections 841(a)(1) and (b)(1)(C) (Count 1); and one count of possession with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack") on or about January 23, 2007 ("crack") in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) (Count 2). (Indictment, Doc. No. 1.)

In addition, the grand jury charged a forfeiture count pursuant to Title 21, United States Code, Section 853 for the amounts of, but not limited to: (1) $1,233.31 in United States Currency seized on September 16, 2006; and (2) $1,390.00 in United States Currency seized on January 23, 2007.

On January 3, 2008, Defendant pleaded guilty to Count Two of the indictment, possession with intent to distribute cocaine base ("crack"). (Judgment, Doc. No. 27.) The Court dismissed Count One and Forfeiture of the Indictment. (Doc. No. 27.) On January 16, 2008, the Court sentenced Defendant to a term of imprisonment of 200 months, followed by a supervised release of 5 years (Doc. No. 27.)

Although Defendant does not explicitly state the basis for his motion, the Court presumes he is relying on Fed. R. Crim. P. 41(g). Defendant argues that Count 1 and the Forfeiture of the Indictment were dismissed in his case, therefore the Government must return the amounts of $1,233.31 and $1,390,00, a total of $2,623.31, in U.S. currency, that was seized from him. (Doc. No. 29.)

In response to Defendant's Rule 41(g) Motion, the Government admits that law enforcement officers from the Painesville Police Department confiscated

2

$2,623.31 from Defendant; however, the Government contends that it cannot be compelled to return the property because it is not in the custody or control of the federal Government (Doc. No. 34.)

**Discussion**

In pertinent part, Rule 41(g) provides that "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). A Rule 41(g) motion to return property must be filed in the district court where the property was unlawfully seized. "A motion pursuant to Rule 41(g) is treated as a civil action in equity when, as here, the owner of the property invokes the Rule after the conclusion of his criminal proceedings." *United States v. Lowdermilk*, No. 1:01-CR-145, 2006 WL 3333018, at *2 (E.D. Tenn. Nov. 15, 2006) (citing *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000)).

When the Government seizes property for use in an investigation or trial the property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture. *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999). After criminal proceedings have concluded, the individual from whom the property was seized is presumed to have a right to its return, and the burden rests with the Government to prove it has a legitimate reason to retain the seized property. *United States v. Albinson*, 356 F.3d 278, 280 (3d Cir. 2004).

To defeat a defendant's motion for return of property, the Government cannot claim without documentary support that it no longer possesses the property or that the property has been destroyed or given to a third party. *Id.* at 281. If the Government

3

claims it no longer possesses the property at issue, the Court must determine whether the property is, in fact, in possession of the Government; and, if not, then what happened to the property. *Id.* The Court may be required to conduct an evidentiary hearing to make these determinations; however, affidavits or other documentary evidence may be sufficient to support the Court's findings. *Albinson*, 356 F.3d at 282.

The Court has reviewed the record and the parties' arguments in this case and has concluded that the United States has not demonstrated that it does not have possession of Defendant's property. The Government in its response to Defendant's motion provides that "Government records indicate that the money was released to the Painesville Department on May 12, 2008" (Doc. No. 34) without anything more. Although records of the Federal Government could demonstrate evidence that the United States is not in possession of Defendant's property [1] the United States did not attach any documentary evidence or any other form of evidence to make that demonstration.

Because no evidence was offered or taken in this matter, the Government did not meet its burden. The district court reviewing a 41(g) motion "must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." Fed. R. Crim. P. 41(g).

Accordingly, this Court shall require the Government to supplement its response with evidence to demonstrate that it is no longer in possession of Defendant's

---

[1] *See Albinson,* 356 F.3d at 282, holding that "affidavits or documentary evidence, such as chain of custody records, may be sufficient to support a fact finder's determination."

property. The supplement is due by June 13, 2011, after which the Court shall make a ruling.

### Conclusion

For the reasons discussed, the Court will postpone ruling on Defendant's Motion for the return of his property until the Government has supplemented its response on or before June 13, 2011.

**IT IS SO ORDERED**.

Dated: May 31, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**